# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 12 CR 841 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| DORA ASMUSSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Dora Asmussen ("Asmussen") has filed a "motion for relief from sentence disparity" [90] asking the Court to vacate or reduce her sentence. As the parties were previously informed, the Court construes Asmussen's motion as a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. For the reasons stated herein, Asmussen's motion is denied.

## Background

In October 2012, Asmussen was charged with three counts of bank fraud in violation of 18 U.S.C. § 1344 for stealing over $3 million from her employer, Burling Bank. In June 2013, she pleaded guilty to one count of bank fraud pursuant to a written plea agreement. The applicable United States Sentencing Guidelines set an imprisonment range of 78–97 months and a supervised release range of 2–5 years. The Court imposed a below-Guidelines sentence of 58 months of imprisonment and 3 years of supervised release, as well as monetary penalties in the amount of

$3,048,495 as restitution. Judgment was entered on April 17, 2014. Asmussen did not file a notice of appeal.

On September 29, 2015, Asmussen filed a *pro se* motion styled as a "motion for relief from sentence disparity." Mot. Relief at 1, ECF No. 90. The motion asks the Court to either vacate Asmussen's sentence or reduce her term of imprisonment to a period of one year and one day. *Id.* at 3. In the motion, Asmussen contends that she has been sentenced in violation of the Fourteenth Amendment's Equal Protection Clause because "the sentencing guidelines are being implemented unfairly[,] creating a sentence disparity between males and females." *Id.* In support, she cites a 2013 study from a company called Culture QuantiX. *Id.* at 2. According to Asmussen, the study shows that women tend to receive disproportionately harsher sentences than men receive for committing similar kinds of white-collar crimes. *Id.* at 2–6.

On December 1, 2015, the Court informed the parties that it would construe Asmussen's motion as a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Order of 12/1/15 at 1–3, ECF No. 93. The Court warned Asmussen that any subsequent motion she might file under § 2255 would accordingly be restricted as second or successive. *Id.* at 1. The Court therefore advised Asmussen that she could (1) withdraw the motion, (2) amend the motion to include additional claims, or (3) proceed with the motion, construed as a motion under § 2255. *Id.* In addition, the Court instructed Asmussen to inform the Court by January 15, 2016, of how she wanted to proceed with the motion. *Id.*

On January 15, 2016, the Court received a letter from Asmussen asking to extend her deadline to respond to the Court's order by March 15, 2016. ECF No. 94. The Court granted Asmussen's request for an extension of time and gave her until November 15, 2016, to file a response. ECF No. 95. Since her letter of January 15, 2016, however, Asmussen has not filed any documents on the docket or sent any other correspondence to the Court.

## Analysis

As the Court notified the parties in its prior order, it construes Asmussen's "motion for relief from sentence disparity" as a motion to vacate, set aside, or correct her sentence under § 2255. Section 2255 provides that a criminal defendant is entitled to relief from his or her conviction and sentence if "the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). The Court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show" that the defendant is not entitled to relief. *Id.*

The Government argues that Asmussen's motion should be dismissed as untimely under § 2255(f)(1). Section 2255(f) provides that a one-year limitation period applies to motions brought under § 2255. It further states:

The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Asmussen's motion is time-barred under § 2255(f)(1). As noted above, the Court entered judgment in Asmussen's case on April 17, 2014. A judgment is considered final for purposes of § 2255(f)(1) when the deadline to appeal has expired. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). Here, the deadline to appeal expired on May 1, 2014, fourteen days after the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A). The judgment became final that same day, and Asmussen therefore had until May 1, 2015, to timely file a motion under § 2255.[1] However, she

---

[1] The Government asserts that the judgment became final on May 2, 2014, the day after the fourteen-day period to appeal expired, rather than on May 1, 2014. Gov't Resp. at 6, ECF No. 92. This is incorrect. Under Seventh Circuit precedent, a judgment becomes final for purposes of § 2255(f)(1) on the same day the deadline to appeal expires, not the day after. *See Davis v. United States*, 817 F.3d 319, 325 (7th Cir. 2016) (noting that the defendant's conviction became final on October 27, 2010, fourteen days after the defendant's sentencing on October 13, 2010); *see also Stjepanovic v. United States*, No. 15-CV-3947, 2015 WL 6501159, at *1 (N.D. Ill. Oct. 27, 2015) (noting that the limitation period under § 2255(f)(1) began to run on November 28, 2012, because judgment had been entered on November 14, 2012).

4

did not file her motion until September 29, 2015, several months after the one-year limitation period had expired. Asmussen's motion therefore must be denied as untimely under § 2255(f)(1).

The result might have been otherwise if Asmussen's motion fell within the scope of § 2255(f)(2)–(4). But nothing in her motion indicates that any of those provisions apply. Asmussen does not suggest that governmental action impeded her ability to timely file her motion. *See* 28 U.S.C. § 2255(f)(2). Nor does her motion assert a right to relief that has been "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3). Finally, assuming *arguendo* that the study cited in Asmussen's motion contains "newly discovered facts" for purposes of § 2255(f)(4), there is no indication that those facts could not have been discovered at an earlier time through the exercise of due diligence, especially given that the study was published in 2013, before Asmussen was sentenced. *See id.* § 2255(f)(4); *United States v. Saleh*, No. 15 C 11552, 2016 WL 2766305, at *3 (N.D. Ill. May 13, 2016) (holding that § 2255(f)(4) did not apply where the movant relied upon information that was available to him before judgment was entered in his criminal proceeding). For similar reasons, nothing in the motion indicates that the one-year limitation period was tolled by any of the equitable doctrines that are sometimes applied to § 2255 motions. *See Clarke*, 703 F.3d at 1101 (internal quotation marks and emphasis omitted) (discussing the doctrine of equitable estoppel, which "comes into play if [a government actor] takes active steps to prevent the [movant] from suing in time,"

and the doctrine of equitable tolling, which "permits a [movant] to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim"). As such, the one-year limitation period ended on May 1, 2015, and the motion Asmussen filed on September 29, 2015, was untimely.

## Conclusion

For all of the foregoing reasons, Asmussen's motion to vacate, set aside, or correct her sentence under § 2255 [90] is denied. The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, because Asmussen has not made a substantial showing that reasonable jurists could debate whether her motion should have been resolved in a different manner. *See* 28 U.S.C. § 2253(c)(2); *Narvaez v. United States*, 674 F.3d 621, 626 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)).

**IT IS SO ORDERED.**  ENTERED 12/18/17

*[signature]*

**John Z. Lee**
**United States District Judge**